UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN PEDRAZA,

                  Plaintiff,

-against-

MANHATTAN MONSTER INC. d/b/a
THE MONSTER BAR,
CHARLES RAYMOND RICE and
LUIS GOMEZ, individually,

                  Defendants.

**COMPLAINT**

Plaintiff Juan Pedraza (referred to herein as "Plaintiff" or "Pedraza"), by and through his attorneys, The Law Offices of Jacob Aronauer, alleges:

### NATURE OF THE ACTION

1. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") to remedy employment discrimination based on gender and sexual orientation and unlawful retaliation by Defendant Manhattan Monster Inc. d/b/a The Monster Bar ("The Monster Bar").

2. Plaintiff further brings this action pursuant to the New York City Human Rights Law ("NYCHRL") to remedy employment discrimination based on gender and sexual orientation and unlawful retaliation by Defendants The Monster Bar, Charles Raymond Rice ("Rice") and Luis Gomez ("Gomez") (collectively, "Defendants").

3. Defendants subjected Plaintiff to harassment and discrimination based on his sex and sexual orientation, and further retaliated against Plaintiff for complaining about the discriminatory conduct.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. § 1331.

5. The Court has supplemental jurisdiction over all other claims brought by Plaintiff pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PROCEDURAL PREREQUISITES

7. Plaintiff has timely filed a complaint of discrimination and retaliation with the U.S. Equal Employment Opportunity Commission ("EEOC").

8. In February 2023, Plaintiff received his Notice of Right to sue letter from the EEOC for the alleged Title VII claims herein and has timely filed this Complaint.

## PARTIES

### Plaintiff Juan Pedraza

9. Plaintiff Pedraza is an individual residing in New York County, New York.

10. From April 18, 2022 through May 22, 2022 Pedraza worked as a bartender at The Monster Bar.

11. At all times relevant to this Complaint, Pedraza was an "employee" of The Monster Bar and Rice within the meaning of Title VII and NYCHRL.

### Defendant The Monster Bar

12. The Monster Bar is a New York corporation with its principal place of business located at 80 Grove St, New York, NY 10014.

13. The Monster Bar has more than 15 employees

14. At all times relevant to this Complaint, The Monster Bar was an "employer" within the meaning of Title VII and NYCHRL.

**Defendant Charles Raymond Rice**

15. Defendant Rice is a person engaged in business in New York County, New York, who is sued individually in his capacity as owner, officer, and/or agent of The Monster Bar.

16. At all times relevant to this Complaint, Rice was an "employer" of Plaintiff within the meaning of Title VII and NYCHRL.

**Defendant Luis Gomez**

17. Defendant Gomez is a person engaged in business in New York County, New York, who is sued individually in his capacity as manager, officer, and/or agent of The Monster Bar.

18. Gomez worked as an event promoter and manager at The Monster Bar.

19. Gomez was hired and supervised by The Monster Bar and was at all relevant times an "employee" of The Monster Bar within the meaning of Title VII and NYCHRL.

## FACTUAL ALLEGATIONS

**Pedraza's Employment at The Monster Bar**

20. From on or about April 18, 2022 through on or about May 22, 2022, Pedraza was employed at The Monster Bar as a bartender.

21. The Monster Bar is a Manhattan bar and nightclub that markets itself for homosexuals.

22. Specifically, The Monster Bar website states:

    For over 50 years, this legendary establishment has provided a fabulous, welcoming establishment for gay New Yorkers, LGBTQ tourists and visitors & yes, even the occasional heterosexual to enjoy the wild laughter song and community of Greenwich Village.

23. The general managers of the Monster Bar are Daniel Tobey ("Tobey") and his husband, Defendant Luis Gomez.

**Luis Gomez's Harassment of Pedraza**

24. Gomez subjected Pedraza to a severe and hostile work environment because of his gender.

25. Throughout Pedraza's employment with Defendants, Pedraza endured unwanted sexual remarks and questions from Gomez. Such conduct included Gomez:

    a. repeatedly telling Pedraza that he found him attractive, and that he was "falling in love with [him]";

    b. repeatedly asking Pedraza if he was gay;

    c. telling Pedraza that he has a "great body" and that "[Pedraza] could be one of the dancers in [Gomez's] show."

26. Pedraza consistently ignored and resisted Gomez's unwanted sexual questions and comments.

27. On or about May 22, 2022, Gomez consumed a considerably large amount of alcohol throughout the night.

28. Gomez then made unwanted physical sexual advances toward Plaintiff.

29. Specifically, Pedraza was picking up glasses and bottles at the end of his shift when Gomez approached him from behind and touched his buttocks without Pedraza's consent.

30. Pedraza told Gomez, "do not touch me," and continued working.

31. A short while later, Pedraza was talking to a co-worker, Felix Gomez ("Felix"), when Gomez once again approached Pedraza from behind.

32. Gomez hugged Pedraza from behind and forcibly thrusted his pelvis against Pedraza.

33. Pedraza pushed Gomez away and turned around.

34. Pedraza once again told Gomez not to touch him, and further stated that he "did not like to be touched," that Gomez had "crossed the line," and that Pedraza hasn't "done anything for [Gomez] to think [he] can touch [him]."

35. Gomez then told Pedraza that he has "a lot of power [at The Monster Bar]" and that this was "[Pedraza's] last day of work."

36. Gomez then became physically hostile toward Pedraza and attempted to punch him.

37. Felix physically prevented Gomez from punching Pedraza by grabbing his shoulder.

38. Pedraza then physically left the premises of The Monster Bar.

39. Once outside The Monster Bar, Pedraza called Tobey, the General Manager, and asked him to come outside so Pedraza could speak with him.

40. Pedraza described these events to Tobey.

41. Tobey was not surprised by Gomez's behavior and stated to Pedraza "Luis [Gomez] again, always the same."

42. Tobey apologized to Pedraza "on behalf of the company, himself, and [his] coworkers," for Gomez's actions.

43. Tobey then told Pedraza that he "under[stood] if [Pedraza doesn't] want to continue working [at The Monster Bar]."

44. At that moment, Gomez came outside and saw Pedraza and Tobey speaking.

45. Gomez stormed toward Pedraza as if to attack him again but was stopped by another manager.

46. Before Pedraza finally left, a security guard, Christian, told Pedraza that this type of situation had occurred before concerning Gomez making unwanted sexual advances on an employee.

47. Defendants knew that problems with Gomez's behavior existed, yet they failed to take any remedial action.

48. Due to Gomez's behavior, and the failure of Defendants to discipline Gomez, a hostile work environment was created.

49. When Plaintiff objected to the hostile work environment, Plaintiff was retaliated against when Gomez attempted to physically attack Plaintiff, and when Gomez terminated Plaintiff's employment.

50. Plaintiff seeks all available relief against Defendants for engaging in unlawful retaliation and for fostering and permitting an environment that allowed him to be repeatedly sexually harassed by Gomez.

**FIRST CAUSE OF ACTION**
**Discrimination Based on Sex in Violation of**
**Title VII of the Civil Rights Act of 1964**
**(as to Defendant The Monster Bar)**

51. Plaintiff re-alleges and incorporates by reference all allegations made in all preceding paragraphs.

52. Title VII prohibits the creation of a hostile work environment based on sex or gender.

53. Gomez's conduct toward Pedraza was based upon Pedraza's gender and had the purpose and/or effect of unreasonably interfering with Pedraza's work performance and/or creating an intimidating, hostile, or offensive working environment.

54. The Monster Bar discriminated against Plaintiff on the basis of gender by subjecting him to sexual harassment of a severe and pervasive nature effecting the terms and condition of his employment.

55. The Monster bar knew or should have known that the actions described above created a hostile work environment for Pedraza and others, but The Monster Bar failed to take reasonable remedial actions to remedy the hostile environment in violation of Title VII.

56. As a result of The Monster Bar's discriminatory acts, Plaintiff has suffered and will continue to suffer economic damage, irreparable injury, emotional distress, reputational injury and other compensable damages.

57. The Monster Bar's unlawful actions constitute knowing, malicious, willful, wanton and reckless violations of Title VII, for which Pedraza is entitled to an award of punitive damages.

**SECOND CAUSE OF ACTION**
**Discrimination Based on Sexual Orientation in Violation of**
**Title VII of the Civil Rights Act of 1964**
**(as to Defendant The Monster Bar)**

58. Plaintiff re-alleges and incorporates by reference all allegations made in all preceding paragraphs.

59. Title VII's prohibition against sex discrimination encompasses discrimination based on sexual orientation.

60. By the actions described above, Pedraza was discriminated against on the basis of his sexual orientation by The Monster Bar, including, but not limited to, by being sexually harassed by Gomez, in violation of Title VII.

61. By the action described above, The Monster Bar tolerated, condoned, ratified and/or engaged in the sexually abusive work environment on account of Pedraza's sexual orientation, or, in the alternative, knew, or should have known, of its existence, yet failed to conduct proper investigations and failed to take remedial action.

62. As a result of The Monster Bar's discriminatory acts, Plaintiff has suffered and will continue to suffer economic damage, irreparable injury, emotional distress, reputational injury and other compensable damages.

63. The Monster Bar's unlawful actions constitute knowing, malicious, willful, wanton and reckless violations of Title VII, for which Pedraza is entitled to an award of punitive damages.

**THIRD CAUSE OF ACTION**
**Unlawful Retaliation in Violation of**
**Title VII of the Civil Rights Act of 1964**
**(as to Defendant The Monster Bar)**

64. Plaintiff re-alleges and incorporates by reference all allegations made in all preceding paragraphs.

65. Under Title VII, it is an unlawful discriminatory practice to retaliate against any person who has opposed a practice forbidden by Title VII.

66. Pedraza engaged in protected conduct under Title VII by opposing Gomez's sexual harassment and discrimination of him.

67. The Monster Bar subjected Pedraza to adverse employment action as a result of Pedraza's protected activity when Gomez physically and verbally assaulted Pedraza in response to Pedraza declining his sexual advances and terminating Pedraza.

68. The Monster Bar's conduct in retaliating against Pedraza was willful and intentional.

69. As a result of The Monster Bar's willful retaliation in violation of Title VII, Pedraza has suffered and will continue to suffer economic damage, irreparable injury, emotional distress, reputational injury and other compensable damages.

70. The Monster Bar's unlawful actions constitute knowing, malicious, willful, wanton and reckless violations of Title VII, for which Pedraza is entitled to an award of punitive damages.

**FOURTH CAUSE OF ACTION**
**Discrimination Based on Sex in Violation of**
**New York City Human Rights Law**
**(as to all Defendants)**

71. Plaintiff re-alleges and incorporates by reference all allegations made in all preceding paragraphs.

72. The NYCHRL prohibits the creation of a hostile work environment based on sex or gender.

73. Gomez's conduct toward Pedraza was based upon Pedraza's gender and had the purpose and/or effect of unreasonably interfering with Pedraza's work performance and/or creating an intimidating, hostile, or offensive working environment.

74. Defendants discriminated against Plaintiff on the basis of gender by subjecting him to sexual harassment of a severe and pervasive nature effecting the terms and condition of his employment.

75. By the above-described conduct, Defendants allowed and fostered an environment in which discriminatory and harassing practices that were, and continue to be, sufficiently severe or pervasive to create an environment that is both subjectively and objectively hostile, abusive and retaliatory.

76. By the above-described conduct, Defendants tolerated, condoned, ratified and/or engaged in the sexually abusive work environment on account of Pedraza's sex, or, in the alternative, knew, or should have known, of its existence, yet failed to conduct proper investigations and failed to take remedial action.

77. As a result of Defendant's discrimination in violation of the NYCHRL, Pedraza has suffered and is entitled to damages, including but not limited to: lost wages and benefits, front pay, compensatory damages including emotional pain and suffering and lost enjoyment of life, attorney's fees, costs and expenses.

**FIFTH CAUSE OF ACTION**
**Discrimination Based on Sexual Orientation in Violation of**
**New York City Human Rights Law**
**(as to all Defendants)**

78. Plaintiff re-alleges and incorporates by reference all allegations made in all preceding paragraphs.

79. Chapter 1, § 8-107(1)(a) of the NYCHRL makes it illegal for an employer to discriminate against an employee on the basis of actual and/or perceived sexual orientation.

80. By the acts and practices described above, Defendants discriminated against Plaintiff on the basis of his actual and/or perceived sexual orientation by subjecting him to sexual harassment of a severe and pervasive nature effecting the terms and conditions of his employment.

81. Defendants knew its actions constituted discrimination based on actual and/or perceived sexual orientation and/or willfully disregarded Plaintiff's statutorily protected rights.

82. As a result of Defendant's discrimination in violation of the NYCHRL, Pedraza has suffered and is entitled to damages, including but not limited to: lost wages and benefits, front pay, compensatory damages including emotional pain and suffering and lost enjoyment of life, attorney's fees, costs and expenses.

## SIXTH CAUSE OF ACTION
### Unlawful Retaliation in Violation of
### New York City Human Rights Law
### (as to all Defendants)

83. Plaintiff re-alleges and incorporates by reference all allegations made in all preceding paragraphs.

84. Under Chapter 1, § 8-107(7) of the NYCHRL, it is an unlawful discriminatory practice to retaliate against any person who has opposed a practice forbidden by Chapter 1.

85. Pedraza engaged in protected conduct under the NYCHRL by opposing Gomez's sexual harassment and discrimination of him.

86. Defendants subjected Pedraza to adverse employment action as a result of Pedraza's protected activity when Gomez physically and verbally assaulted Pedraza and Gomez fired Pedraza.

87. Defendants' retaliatory acts taken in respect to Pedraza would be reasonably likely to deter other employees from engaging in the protected activity.

88. Defendants' conduct in retaliating against Pedraza was willful and intentional.

89. As a result of Defendants' willful retaliation in violation of the NYCHRL, Pedraza has suffered and is entitled to damages, including but not limited to: lost wages and benefits, front pay, compensatory damages including emotional pain and suffering and lost enjoyment of life, attorney's fees, costs and expenses.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be granted awarding Plaintiff:

a. Damages to make him whole for all earnings he would have received but for Defendants' discriminatory treatment, including, but not limited to, wages,

retirement benefits, health care coverage and other lost benefits including future lost wages and benefits;

b. Damages stemming from Defendants' retaliatory treatment;

c. Compensatory damages for mental anguish and emotional injury, humiliation, distress, pain and suffering, and injury to reputation;

d. Punitive damages;

e. Pre-judgment and post-judgment interest;

f. Reasonable attorneys' fees, costs and expenses in the prosecution of this action;

g. Such other further legal and equitable relief as the Court deems just and proper to remedy the Defendant's unlawful employment practices.

Dated: March 28, 2023
New York, New York

          Respectfully submitted,

          */s Jacob Aronauer*
          Jacob Aronauer

          **THE LAW OFFICES OF JACOB ARONAUER**
          Jacob Aronauer
          225 Broadway, 3rd Floor
          New York, NY 100017
          (212) 323-6980
          jaronauer@aronauerlaw.com
          *Attorney for Plaintiff*