

The Law Offices of Jacob Aronauer<br>
250 Broadway, Suite 600<br>
New York, New York 10007<br>
(212) 323-6980<br>
jaronauer@aronauerlaw.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  2/14/2024
```

February 7, 2024

**Via ECF**
Hon. Valerie Figueredo
Southern District of New York
United States District Court

    Re:   *Pedraza v. Manhattan Monster Inc. et al.*
           23-cv-02596 (MKV) (VF)

Dear Judge Figueredo:

    We are counsel for Plaintiff. For the reasons set forth, we request relief to make a motion concerning the following areas: (a) the second Rule 30(b)(6) deposition; (b) the failure of Defendants to make a good faith search for responsive discovery documents and; (c) the scheduling of the depositions of two employees of Defendant Manhattan Monster Inc.

    On February 5, 2024 at 8 am I asked Defendants' counsel Shakira Fantauzzi to meet and confer. I also provided Ms. Fantauzzi a draft of this letter. On February 7, 2024 at 10 am, the parties met and conferred. At the conclusion of the meet and confer, I informed Ms. Fantauzzi that because we were unable to come to agreement on the issues outlined below, I would have to seek relief from the Court.

    As the Court is aware, Plaintiff previously sought relief from the Court stemming from the failure of Defendant Manhattan Monster Inc. to have a witness "to give complete and knowledgeable and binding answers on its behalf." *Coty Inc. v. Excell Brands, LLC*, 2016 U.S. Dist. LEXIS 170817, at * 4 (S.D.N.Y. Dec. 9, 2016) *citing Reilly v. Natwest Markets Cgrp. Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) (internal quotation marks omitted).

    As a result, on January 31, 2024, Plaintiff conducted the second Rule 30(b)(6) deposition of Defendant Manhattan Monster. Defendants designated Mr. Daniel Tobey as the Rule 30(b)(6) witness. Mr. Tobey is the general manager of the Manhattan Monster Inc. The Rule 30(b)(6) notice is annexed as Exhibit A. Defendants did not object to any of the categories listed in the Rule 30(b)(6) notice.

    Mr. Tobey was unable to answer the following areas in Schedule A of the deposition notice: (1) the individual(s) responsible for responding to Plaintiff's paper discovery demands such as for text messages and e-mails; and (2) the nature of the search that was performed in response to Plaintiff's document requests. Annexed as Exhibit B is the relevant portion of Mr. Tobey's



deposition transcript ("Tobey Dep"). These categories are 11 and 13 of Plaintiff's Rule 30(b)(6) notice to schedule A. See Exhibit A. Furthermore, Mr. Tobey had never seen Defendants' response to Plaintiff's document demands or request for admissions. Annexed as Exhibit C is the relevant portion of Tobey Dep. Indeed, Defendants did not provide a verification for any of their responses. Annexed as Exhibit D are Defendants' responses to Plaintiff's document demands, interrogatories and request for admissions. In fact, Mr. Tobey disagreed with some of the answers to Defendants' response to Plaintiff's request for admissions. Annexed as Exhibit E is the relevant portion of Tobey Dep.

Based on Mr. Tobey's testimony, it appears a thorough search for documents (such as text messages and e-mails) was not performed by Defendants. Indeed, with respect to ESI, we received only four text messages and no e-mails even though Manhattan Monster Inc. has an e-mail account.

Plaintiff's counsel is forced to ask the Court to order a third Rule 30(b)(6) deposition and have a witness knowledgeable of the search performed by Defendants. We also ask fees for both the second Rule 30(b)(6) deposition and the third Rule 30(b)(6) deposition (assuming the Court grants our request).

While we do not seek sanctions, we note that the actions of Defendants' counsel to *again* fail to sufficiently prepare the designated Rule 30(b)(6) witness is sanctionable. *See generally Coty Inc. v. Excell Brands, LLC*, 2016 U.S. Dist. LEXIS 170817 (S.D.N.Y. Dec. 9, 2016) (Judge Furman ordering sanctions due to the failure of defendant to have a properly informed Rule 30(b)(6) despite a court order).

## Depositions of Employees of Defendants

Defendants have not disclosed the names of individuals who have information relevant to this action. Defendants' initial disclosures listed two individuals: Daniel Tobey and Ricardo Rivera. Annexed as Exhibit F are Defendants' initial disclosures. In response to Plaintiff's interrogatories, Defendants listed these four individuals: 1) Charles Rice; 2) Dan Tobey; (3) Juan Pedazara and 4) Ricardo Rivera.

Not listed in Defendants' initial disclosures is Defendant Luis Gomez. During the deposition, Mr. Tobey acknowledged—as alleged in the complaint—that Mr. Gomez was his husband. Mr. Tobey at one point pretended not to know who Luis Gomez was because his official name is Jose Luis Lepe. The relevant portion of the Tobey Dep. Tr. is annexed as Exhibit G. Mr. Tobey took this position even though he lists Mr. Lepe as Luis Gomez in his separate company "Spunk." Annexed as Exhibit H is a section of Spunk's website listing Luis Gomez and testimony from Mr. Tobey acknowledging that his husband Mr. Lepe works for him.

During the Rule 30(b)(6) deposition, Mr. Tobey referenced two additional individuals who were present the night in question and, more importantly, had first had knowledge to the allegations listed in the complaint. These two individuals are Felix Gomez and Christian Guishard. Annexed as Exhibit I is the relevant portion of Tobey Dep. Both Mr. Felix Gomez and Mr. Guishard are still employees of Manhattan Monster Bar. Mr. Lepe, Mr. F. Gomez and Mr. Guishard should



have been disclosed by Defendants in their initial disclosures or, at a minimum, in their response to Plaintiff's interrogatories.

Defendants' counsel has refused to make Mr. Felix Gomez and Mr. Guishard available for depositions before the discovery cut off. As a result, I request that the Court order Defendants to make Mr. Gomez and Mr. Guishard available as they are witnesses who have information relevant to this action. If Defendants refuse to make them available then I request that the Court preclude them from testifying. To bring these issues before the Court as quickly as possible, Plaintiff's counsel expended additional funds to order an expedited deposition transcript of the second Rule 30(b)(6) deposition.

**Conclusion**

The above reflects that Defendants are going to great lengths to prevent Plaintiff from obtaining the necessary discovery to prove its case.

Respectfully,

*/s Jacob Aronauer*
Jacob Aronauer

**Via ECF**
*All attorneys on record*

---

Having conferred with the Chambers of the Magistrate Judge, the Court will extend the discovery deadline by 30 days for the depositions of the two belatedly-disclosed witnesses ONLY. The new deadline for the discovery is March 25, 2024. As such, the deadline for the parties' joint letter and any pre-motion submissions, as described in the Order at ECF 59, is extended to March 27, 2024.

Date: Feb. 14, 2024
New York, New York

Mary Kay Vyskocil
United States District Judge