

The Law Offices of Jacob Aronauer
250 Broadway, Suite 600
New York, New York 10007
(212) 323-6980
jaronauer@aronauerla

March 19, 2024

**Via ECF**
Hon. Valerie Figueredo
Southern District of New York
United States District Court

    Re:    Pedraza v. Manhattan Monster Inc. et al.
              23-cv-02596 (MKV) (MVF)

Dear Judge Figueredo:

> **MEMO ENDORSED**
>
> HON. VALERIE FIGUEREDO
> UNITED STATES MAGISTRATE JUDGE
> DATED: 3-21-24
>
> A conference to address the issued raised herein is hereby scheduled for **Monday, April 29, 2024, at 1:30 p.m.** Counsel for the parties are directed to call Judge Figueredo's AT&T conference line. Please dial (888) 808-6929; access code [9781335].
>
> Should Defendants wish to provide a response to Plaintiff's letter, they are required to do so by no later than Thursday, April 25, 2024.

       This office represents Plaintiff in the above captioned matter. For the reasons set forth, I am forced to make a motion to the Court for Defendants to perform a good faith ESI search. As the Court is aware, I have previously had to seek relief from Defendants stemming from their failure to have a proper Rule 30(b)(6) witness, failure to perform a ESI search and failure to provide good faith initial disclosures and interrogatory responses. In short, I have had to spend significant attorney fees due to what I believe to be a failure of Defendants to meet straight forward discovery obligations.

       As discussed in more detail below, the parties met and conferred.

       As the Court is aware, Defendants' Rule 30(b)(6) witness stated under oath that Defendants did not perform a search for ESI. This led to a telephonic conference before the Court.

       On February 29, 2024 I received from Defendants' counsel a declaration from Daniel Tobey pertaining to a purported ESI search (the "Decl."). The Decl. is annexed as Exhibit A.

       After receipt of the Decl. I asked to meet and confer with Defendants' counsel. I asked to meet and confer because based upon my review of the Decl. I had concerns that a good faith search was not conducted. On March 8, 2024 we met and conferred.

       For three primary reasons I took this position. First, in his deposition Tobey stated that he received documents from the EEOC. These documents, though, were not produced by Defendants. The relevant portion of Tobey's deposition transcript is annexed as Exhibit A. Second, I found it unlikely that not a single e-mail existed pertaining to this matter—particularly considering that the corporate defendant has their own e-mail account. Third, I observed in Tobey's declaration the following sentence in paragraph 4 of the Decl. "It

was determined that all *responsive* non-privileged documents have already been produced." (emphasis added)

In my meet and confer with Defendants' counsel, I raised the following concern/question to Defendants' counsel: were no documents found in response to Plaintiff's search terms or did Defendants make the decision that documents were found in response to Plaintiff's search terms but that Defendants did not believe that they were relevant to this action. Defendants' counsel could not confirm. As a result, I asked Defendants' counsel to confirm no later than March 15, 2024. Defendants' counsel agreed. Annexed as Exhibit B is an email I sent to Defendants' counsel confirming our conversation. Defendants' counsel did not respond to this e-mail.

On March 15, 2024 I did not hear back from Defendants' counsel. I provided an extra day grace period prior to seeking relief from the Court.

With respect to relief, in light of the history, I would ask that Defendants' counsel perform the search, or, in the alternative, Defendants hire an IT expert to perform a search for the ESI.

It is not equitable for this office to constantly seek relief to make Defendants meet their discovery obligations.

Respectfully,

*/s Jacob Aronauer*
Jacob Aronauer

cc: **Via ECF**
*All attorneys on record*

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JUAN PEDRAZA,

                                  Plaintiff,

                                  Civil Action No. 23-cv-02596

        -against-

MANHATTAN MONSTER INC. d/b/a
THE MONSTER BAR, CHARLES RAYMOND
RICE AND LUIS GOMEZ, individually

                                  Defendants.
-----------------------------------------------------------X

       **DANIEL TOBEY**, being duly sworn, deposes and says:

    1.    I am currently employed by Monster Bar Inc, located at 80 Grove St, New York, NY 10014, as a Manager therein.

    2.    This Affidavit is submitted in accordance with Rule 26 to verify that an Electronically Stored Information (ESI) search was conducted on behalf of Defendant Monster Bar.

    3.    I have also conducted a search of all ESI pertaining to the issues of the instant litigation within my personal cell phone and emails, as requested. I have looked and located all emails files and documents with regard to any further responsive discovery documents in my possession. It was determined that all responsive non-privileged documents have already been produced and provided.

    4.    A search of Defendant organization Monster Bar emails for all responsive documents, files and computers in Defendant's possession and pertaining to this instant litigation was also conducted. The following search terms requested by Plaintiff's Attorney were also conducted: "touch", "punch", "harassment" "touching", "sex", "sexual harassment", "Lepe", "Gomez", "Juan", "Pedazara" "Luis", "lawsuit", "sue". It was determined that all responsive non-privileged documents have already been produced and provided.

City of New York
February 29, 2024

                                                         Daniel Tobey

# EXHIBIT B

```
                                                    Page 1
 1
 2     UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF NEW YORK
 3     ---------------------------------------------X
       JUAN PEDRAZA,
 4
                                      PLAINTIFF,
 5
                 -against-      Case No:
 6                              23-CV-02596(MKV)

 7     MANHATTAN MONSTER INC. d/b/a THE MONSTER
       BAR, CHARLES RAYMOND RICE and LUIS GOMEZ,
 8
                                      DEFENDANTS.
 9     ---------------------------------------------X
10
11              DATE: January 31, 2024
12              TIME: 10:06 A.M
13
14
15          DEPOSITION of MANHATTAN MONSTER
16     INC. d/b/a THE MONSTER BAR, by DANIEL
17     TOBEY, taken by the Plaintiff, pursuant to
18     Notice and to the Federal Rules of Civil
19     Procedure, held at the law offices of Jacob
20     Aronauer, 250 Broadway, New York, New York
21     10007, before Joanne Capparelli, a Notary
22     Public of the State of New York.
23
24
25
```

Page 15

1                    TOBEY
2    or did she show you the e-mail or something
3    else?
4         A.    I don't recall if it was
5    forwarded to me or if it was shown to me in
6    the office.
7         Q.    Do you have a Monster Bar
8    e-mail?
9         A.    I have my own Monster Bar
10   e-mail which is what I use for employees.
11        Q.    Can you tell me what your
12   e-mail is?
13        A.    Sure.  It's dan@monsterbar.nyc.
14        Q.    Does she have a similar, like,
15   in terms of how you do e-mails -- is her
16   first name Siobhan?
17        A.    Yes.
18        Q.    Is it Siobhan?
19        A.    It is not.  It's a gmail
20   account.
21        Q.    Is it fair to say either she
22   showed you the e-mail or she forwarded it
23   to you or she might have brought it to your
24   attention?  Strike that.
25              Let me rephrase it.

Page 16

1       TOBEY
2           Do you remember actually seeing
3   the e-mail from the EEOC?
4       A.   I don't remember it being EEOC,
5   I just remember seeing something that said
6   there was something pending, something
7   filed, whether it was EEOC or not, I'm not
8   sure but that was my first indication that
9   there was something happening.
10      Q.   Would it be fair to say it
11  seemed like this was from a governmental
12  agency?
13      A.   Yes.
14      Q.   With respect to this e-mail do
15  you know -- going back to my earlier
16  question -- do you know if it was forwarded
17  to you -- her name is Siobhan?
18      A.   Siobhan.
19      Q.   If Siobhan forwarded the e-mail
20  to you?
21      A.   I don't recall. It could have
22  been either way. I recall seeing something
23  that indicated there was a process
24  beginning.
25      Q.   Would it be accurate to say