UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN PEDRAZA,<br><br>         Plaintiff,<br><br>-against-<br><br>MANHATTAN MONSTER INC. d/b/a THE MONSTER BAR and SPUNK EVENTS INC. d/b/a SPUNK Inc. d/b/a SPUNK and CHARLES RAYMOND RICE, DANIEL TOBEY and LUIS GOMEZ,<br><br>         Defendants. | JOINT PRE-TRIAL ORDER<br><br>23-CV-02596 (MKV) |

**JOINT PRE-TRIAL ORDER**

 i. Full caption of the action:

  Juan Pedraza v. Manhattan Monster Inc. d/b/a The Monster Bar and Spunk Events Inc. d/b/a Spunk Inc. d/b/a Spunk and Charles Raymond Rice, Daniel Tobey and Luis Gomez.

 ii. The names, law firms, addresses, telephone (including mobile phone) and fax numbers, and email addresses of trial counsel;

  **Plaintiff**
  The Law Offices of Jacob Aronauer
  Jacob Aronauer
  250 Broadway, Suite 600
  New York, New York 10007
  (212) 323-6980
  (917) 974-4058
  jaronauer@aronauerlaw.com

  **Defendants**
  The Law Offices of Iannuzzi and Iannuzzi
  Shakira A. Fantauzzi
  233 Broadway, Suite 2204
  New York, NY 10279
  saf@iannuzzi.net

iii.  A brief statement by Plaintiff as to the basis of subject matter jurisdiction and a brief statement by each party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount;

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 (Title VII) and the New York City Human Rights Law. Plaintiff filed a complaint with the EEOC and timely received a right to sue letter.

Specifically, Plaintiff sues under Section 703 of Title VII for sexual harassment and Title VII 704(a) for retaliation. Plaintiff sues under the New York City Human Rights Law 15 § 290 et seq. for sexual harassment and 8-101 et seq. for retaliation.

Defendants do not object to plaintiff statement of subject matter jurisdiction.

iv.  A brief summary by each party of the claims and defenses that the party asserts remained to be tried, including citations to any statutes on which the party relies. Any claim or defense not so identified will be deemed withdrawn. Such summaries shall also identify all claims and defenses previously asserted which are not to be tried. The summaries should not recite any evidentiary matter.

PLAINTIFF'S CLAIMS

Plaintiff claims Title VII discrimination based on sex, sexual orientation and retaliation against the Monster Bar. Plaintiffs brings these claims under Section 703 and 704 of Title VII.

Plaintiff claims discrimination based on sex gender discrimination, sexual orientation and retaliation against all Defendants. These claims are brought under the NYSCHRL.

DEFENDANTS' DEFENSES

Plaintiff's Claim of Unlawful Discrimination pursuant to Title Vii of The Civil Rights Act of 1964 and New York City Human Rights Law and specifically Of A Hostile Work Environment under said statutes Is Unsubstantiated

Plaintiffs claim for Discrimination must be denied insofar as Defendants did not engage in any retaliatory actions or behaviors against the Plaintiff or take adverse measures against, nor terminate Plaintiffs employment.

The Plaintiff, committed a material breach of their employment obligations by resigning without notice to Defendants. Financial damages if any sustained by Plaintiff were caused by Plaintiff's own culpable conduct

v.  A statement as to whether all parties have consented to trial by a magistrate judge, without identifying which parties do or do not consent;

The parties' consent.

**vi.    A statement by each party as to whether the case is to be tried with or without a jury and the number of trial days needed;**

**With a jury and three days.**

**vii.    Vii. A joint statement summarizing the nature of the case, to be read to potential jurors during jury selection;**

The Plaintiff briefly worked briefly as a barback at a well-known NYC Nightclub MonsterBar that caters to the LGBTQ community.  The Plaintiff alleges that he was sexually harassed by an individual who helps the night club provide Go Go Dancers twice a week.  Plaintiff alleges that after he rebuked this individual's advances, this individual physically assaulted him leading to his constructive discharge. Defendant MonsterBar takes the position that Plaintiff was not fired but voluntarily quit.  Defendants' witnesses at the night club deny that any sexual harassment nor physical assault ever occurred. The issues are whether Plaintiff was sexually assaulted, unlawfully retaliated against for complaining about the advances and whether he was constructively discharged in violation of Title VII and the NYCHRL.

viii.    A list of people, places and institutions that are likely be mentioned during the course of trial, to be read to potential jurors during jury selection;

- Manhattan Monster Bar
- Spunk
- Juan Pedraza
- Daniel Tobey
- Jose Luis Lepe aka Luis Gomez
- Richardo Rodriguez –
- Feliex Gomez
- Christian Gruishard
- Charles Rice
- 9th avenue saloon

ix.    Any stipulations or agreed statements of fact or law to which all parties' consent, including a certification by lead trial counsel for all parties that they have met face-to-face for the purpose of endeavoring to reach agreement upon stipulations of fact and stipulations of testimony and the content of their stipulations;

1. Plaintiff was employed by Manhattan Monster Bar.
2. Dan Tobey is the owner of Spunk.
3. With respect to The Manhattan Monster Bar, Plaintiff is an employee as defined under Title VII and the New York City Human Rights Law.
4. Daniel Tobey is married to Jose Luis Lepe.
5. Daniel Tobey is the manager of the Manhattan Monster Bar.
6. Spunk works with the Monster Bar.

7. Manhattan Monster Bar is a NYC club that caters to the LGBTQ community.
8. Plaintiff was employed as a busboy at Monster Bar for five weeks.
9. Plaintiff was employed as a busboy at Monster Bar, a restaurant and nightclub owned and operated by Defendant Manhattan Monster Inc., at the time of the alleged incidents. (Plaintiff's Deposition, Jan. 30, 2024, p. 16, l. 18 - p. 17, l. 10).
10. Defendant Manhattan Monster Inc. is the owner and operator of Monster Bar, located in New York City. (Plaintiff's Complaint, ¶4).
11. Defendant Charles Raymond Rice is the principal stockholder of Manhattan Monster Inc. (Plaintiff's Complaint, ¶5).
12. Defendant Luis Gomez is a fictitious name used in advertising for Monster Bar. (Plaintiff's Complaint, ¶6).

x. A list of all trial witnesses, indicating whether such witnesses will testify in person or by deposition, and a brief summary of the substance of each witness's testimony;

**Plaintiff will testify to the following**
- That he was employed by the Manhattan Monster Bar
- That the Manhattan Monster Bar works closely with Spunk on events
- That the Manhattan Monster Bar co-employed Plaintiff with Spunk
- That Lepe has authority to oversee and provide directives to employees of Monster Bar
- That Lepe made numerous inappropriate sexual advances toward Plaintiff
- Some of these advances/comments by Lepe included a) repeatedly telling Pedraza that he found him attractive, and that he was "falling in love with him"; b) repeatedly asking Pedraza if he was gay; c) telling Pedraza that he has a "great body" and that Pedraza could be one of the dancers in Lepe's show."
- That on May 22, 2022 (the night in question) Lepe was intoxicated;
- That on May 22, 2022 Lepe made physical sexual advances toward Plaintiff;
- Specifically that Lepe approached Pedraza from behind and touched his buttocks without Pedraza's consent; and then hugged Pedraza from behind and thrust his penis into Pedraza's buttocks;
- That when Plaintiff refused these sexual advances; Lepe threatened Plaintiff's job and later on attempted to assault him;
- That Plaintiff refused to return to work because of Lepe's conduct
- That Plaintiff spoke with Gomez about Lepe's treatment of him
- That Gomez went to a lawyer's office with Plaintiff
- That Gomez and Plaintiff sent text messages pertaining to Lepe's conduct
- That Gomez recommended an attorney to Plaintiff pertaining to Lepe's conduct

**Ricardo Rodriguez (Defendants oppose Mr. Rodriguez from testifying)**
- That he was a former employee of the Manhattan Monster Bar
- That Lepe sexually harassed him when he was an employee of the Manhattan Monster Bar
- That Rodriguez left the Manhattan Monster Bar due to Lepe's sexual harassment
- That Rodriguez felt bad for Plaintiff and offered him a job at a separate night club.

**Felix Gomez, MonsterBar Employee**

Felix Gomez, who was in the same room as Plaintiff and Defendant Lepe during the alleged incident, categorically denies that any inappropriate physical contact took place. Additionally, Gomez testified that Plaintiff later approached him and offered money in exchange for corroborating Plaintiff's story of the alleged harassment.

Plaintiff was not terminated but presumed, without basis, that he had been fired following the disagreement with Defendant Lepe regarding his job performance.

**Christian Guishard, MonsterBar Security Head**

Christian Guishard testified that on the night in question, Plaintiff spoke to him directly, explaining a disagreement with Defendant Lepe related to job performance. At no point during this conversation did Plaintiff mention any inappropriate physical contact or sexual misconduct by Defendant Lepe.

Plaintiff was not terminated but presumed, without basis, that he had been fired following the disagreement with Defendant Lepe regarding his job performance.

**Charles Rice, MonsterBar Owner**
No Evidence of Retaliatory Firing
testified that Plaintiff was not terminated but simply failed to return to work after being informed that he was expected to complete his scheduled shifts.

**Daniel Tobey, MonsterBar Manager**
No Evidence of Retaliatory Firing
testified that Plaintiff was not terminated but simply failed to return to work after being informed that he was expected to complete his scheduled shifts.

  xi.    A designation (page and line) of deposition testimony to be offered by each party in its case and chief and any counter-designations and objections by any party.

All witnesses deposed will testify in person.

 xii.    A list by each party of exhibits to be offered in its case in chief, with one star indicating exhibits to which no party objects on grounds of authenticity, and two stars indicating exhibits to which no party objects on any ground.  If there are objections, the objecting party must include a brief statement that makes clear the basis for its objection and provide any necessary supporting authority.

**Plaintiff**
1. Text messages between Plaintiff and Gomez
2. Demand Letter sent    to Defendants
3. Federal Express Proof of Service of Demand Letter
4. Defendants' response to Plaintiffs' request for admissions.
5. Witness statements from Guishard and Gomez.

5

**Defendants**
1. Text messages between Plaintiff and Gomez
2. Plaintiff Payroll statement
3. Plaintiffs Payroll statement from queensboro toyota
4. Plaintiffs w2 fromDefendants
5. Felix Gomez written statement
6. Christine Guishard written statement
7. Plaintiffs response to discovery demands
8. Monsterbar employee timesheet and work schedule

xiii.   A statement of the damages claimed any other relief sought including the manner and method used to calculate any claimed damages and a breakdown of the elements of such claimed damages

- Lost Wages:  $5,000
- Emotional damages:  $40,000
- Punitive Damages:  $100,000
- Attorney Fees and Expenses:  $45,000

xiv.   A statement of whether the parties consent to less than a unanimous verdict.

The parties do not consent.


B.  Required Pretrial Filings    .  Each party shall file and serve with the joint pretrial order:

   i.    In both jury and non-jury cases, motions addressing any evidentiary issues or other matters that should be resolved *in limine*.  **Opposition papers shall be filed within seven days thereafter, and reply papers, if any, shall be filed within four days of any opposition;


   Plaintiff objects to Defendants submitting written statements from Felix Gomez and Christine Guishard.  Since these individuals are testifying there is no reason why they should in addition be provided a written statement.  Plaintiff further requests permission to depose these individuals with respect to their written statement at Defendants' expense (the cost of the deposition—not attorney fees)

   Defendants have submitted a letter motion objecting and seeking to strike plaintiffs amended initial disclosures and exclude Ricardo Rodriguez from testifying at trial due to Plaintiff untimely disclosure.

   As a resolution, Plaintiff offers to permit Defendants to depose Rodriguez and Plaintiff will cover the cost of the deposition (the actual deposition not the attorney fees).

   ii.   In all cases where a party believes it would be useful to the Court, a pretrial memorandum of law;

   iii.    In jury cases, joint proposed *voir dire* questions, verdict forms and requests to charge. These joint submissions shall consistent of single documents, jointly composed, noting any areas of disagreement between the parties. The voir dire questions and jury instructions shall include both the text of any requested questions or instructions as well as a citation, if available, to the authority from which it derives. These documents should also be submitted by email to Chambers in Microsoft Word format;

Proposed Voir Dire Question

1. The expected length of the trial is 4 days. Jury service always interferes with our personal lives and work. Beyond mere inconvenience, is there something that is so critical important it would create an exceptional hardship for you to serve on this jury?
2. Health questions: (a) do you have a health matter that would be harmed by service on the jury, or that would interfere with your ability to be here every day and serve as a juror?
3. Do you take medication that would make it difficult to concentrate or otherwise be attentive during the proceedings or during deliberations?
4. If you are required by a doctor to avoid stressful situations, will the trial, or the give and take of the discussions during jury deliberations, be too stressful for you?
5. Do you believe that you may know the defendant(s), a lawyer, a member of the court personnel, the judge, or a person whose name the judge will read to you?
6. Do you believe that you may have known something about this case before you came to this courtroom?
7. Do you believe that the nature of the allegations will prevent you from being a fair juror?
8. Have you, or a person close to you been the victim of sexual harassment?
9. Have you, or a person close to you, been accused of sexual harassment?
10. Is there any reason you cannot promise, or you doubt your capacity to keep a promise, to be fair and impartial and not base your decision in this case upon a bias or prejudice in favor of or against a person who may appear in this trial on account of that person's race, color, national origin, ancestry, gender, gender identify or expression, religion, religious practice, age, disability, or sexual orientation?
11. Can you promise to guard against allowing stereotypes or attiudes about individuals or about groups of people, referred to an implicit bias influence your decision in this case?
12. Is there any reason, whether it be a bias or something else, that would interfere with your ability to be fair in reaching a verdict?
13. Do you have any loved ones or friends that are gay?
14. Would your sexual orientation be an issue in this case?

**LGBTQ+ Community and Potential Bias**
15. Have you, or has someone close to you, ever had a significant experience related to LGBTQ+ rights or discrimination? … that might impact your perspective on this case?
16. Have you or someone close to you had any negative experience with the LGBTQ+ community, whether with an individual person or business, that you feel would affect your ability to be impartial in this case?
17. Are there any personal, religious, or cultural beliefs regarding sexual orientation that could impact your ability to remain unbiased?

7

18. Do you believe that people can be treated unfairly based on their sexual orientation? Can you think of any examples?
19. Do you believe that all individuals, regardless of sexual orientation, should be treated equally under the law? Please explain your answer.
20. Would you have concerns about serving on a jury for a case that involves issues related to LGBTQ+ rights?
21. Are you a member of any groups or organizations that have specific beliefs regarding LGBTQ+ issues? How active are you in this organization?
22. This case may involve individuals who identify as LGBTQ+. Do you feel comfortable that you can evaluate the facts of this case fairly and without bias?
23. Have you ever been in a situation where you felt singled out or treated differently because of your heterosexual orientation?

**Employment in Bars, Restaurants, or Hospitality Industry**

24. Have you or anyone close to you ever worked for a bar that caters to the gay community?
25. Have you ever worked at a club, lounge, or bar?
26. Have you or anyone close to you ever owned a bar, lounge, or restaurant?
27. Have you ever worked in the restaurant or hospitality industry? Have you or anyone close to you managed or run a restaurant?
28. Have you or someone close to you ever owned or managed a business? If so, what challenges did you encounter?

**Experience with Lawsuits and Views on Litigation**

29. Do you believe that lawsuits against businesses are often legitimate, or do you think people file lawsuits too easily these days?
30. When a business and an individual have a disagreement, do you tend to believe the business or the individual might be more at fault?
31. Have you ever sued a prior employer? What was the result?
32. Do you think there are cases where large amounts of money damages are justified? Why or why not?

**General Employment History and Views on Workplace Issues**

33. In the past five years, how many different employers have you worked for?

**Proposed Verdict Form**

Proposed Verdict Form

Plaintiff Juan Pedraza

With respect to The Monster Bar, do you find that Plaintiff has proven by a preponderance of the evidence that he suffered discrimination based on his sex in violation of Title VII of the Civil Rights Act of 1964

Yes_____                              No_____

With respect to The Monster Bar, do you find that Plaintiff has proven by a preponderance of the evidence discrimination based on sexual orientation in violation of Title VII of the Civil Rights?

Yes_____                              No_____

With respect to The Monster Bar, do you believe that Plaintiff has proven by a preponderance of the evidence in violation of Title VII that he was unlawfully retaliated against?

Yes_____                              No_____

With respect to The Monster Bar, do you believe that Plaintiff has proven by a preponderance of the evidence that he was discriminated based on his sex in violation of the New York City Human Rights Law.

Yes_____                              No_____

With respect to Spunk Events, do you believe that Plaintiff has proven by a preponderance of the evidence that he was discriminated based on his sex in violation of the New York City Human Rights Law.

Yes_____                              No_____

With respect to Charles Raymond Rice, do you believe that Plaintiff has proven by a preponderance of the evidence that he was discriminated based on his sex in violation of the New York City Human Rights Law.

Yes_____                              No_____

With respect to Daniel Tobey, do you believe that Plaintiff has proven by a preponderance of the evidence that he was discriminated based on his sex in violation of the New York City Human Rights Law.

Yes_____                              No_____

With respect to Jose Luis Lepe, do you believe that Plaintiff has proven by a preponderance of the evidence that he was discriminated based on his sex in violation of the New York City Human Rights Law.

Yes_____                              No_____

With respect to The Monster Bar, do you believe that Plaintiff has proven by a preponderance of the evidence that he was discriminated based on his perceived sexual orientation in violation of the New York City Human Rights Law.

Yes_____                              No_____

With respect to Spunk Events, do you believe that Plaintiff has proven by a preponderance of the evidence that he was discriminated based on his perceived sexual orientation in violation of the New York City Human Rights Law.

Yes_____        No_____

With respect to Charles Raymond Price, do you believe that Plaintiff has proven by a preponderance of the evidence that he was discriminated based on his perceived sexual orientation in violation of the New York City Human Rights Law.

Yes_____        No_____

With respect to Daniel Tobey, do you believe that Plaintiff has proven by a preponderance of the evidence that he was discriminated based on his perceived sexual orientation in violation of the New York City Human Rights Law.

Yes_____        No_____

With respect to Daniel Tobey, do you believe that Plaintiff has proven by a preponderance of the evidence that he was discriminated based on his perceived sexual orientation in violation of the New York City Human Rights Law.

Yes_____        No_____

With respect to Jose Luis Lepe, do you believe that Plaintiff has proven by a preponderance of the evidence that he was discriminated based on his perceived sexual orientation in violation of the New York City Human Rights Law.

Yes_____        No_____

With respect to Charles Raymond Price, do you believe that Plaintiff has proven by a preponderance of the evidence that he was discriminated based on his perceived sexual orientation in violation of the New York City Human Rights Law.

Yes_____        No_____

With respect to Daniel Tobey, do you believe that Plaintiff has proven by a preponderance of the evidence that he was discriminated based on his perceived sexual orientation in violation of the New York City Human Rights Law.

Yes_____        No_____

With respect to Jose Luis Lepe, do you believe that Plaintiff has proven by a preponderance of the evidence that he was discriminated based on his perceived sexual orientation in violation of the New York City Human Rights Law.

Yes_____            No_____

With respect to the Monster Bar, do you believe that Plaintiff has proven by a preponderance of the evidence that he was retaliated against in violation of the New York City Human Rights Law.

Yes_____            No_____

With respect to Charles Raymond Price, do you believe that Plaintiff has proven by a preponderance of the evidence that he was retaliated against in violation of the New York City Human Rights Law.

Yes_____            No_____

With respect to Spunk Events, do you believe that Plaintiff has proven by a preponderance of the evidence that he was retaliated against based on his perceived sexual orientation in violation of the New York City Human Rights Law.

Yes_____            No_____

With respect to Daniel Tobey, do you believe that Plaintiff has proven by a preponderance of the evidence that he was discriminated based on his perceived sexual orientation in violation of the New York City Human Rights Law.

Yes_____            No_____

With respect to Jose Luis Lepe, do you believe that Plaintiff has proven by a preponderance of the evidence that he was discriminated based on his perceived sexual orientation in violation of the New York City Human Rights Law.

Yes_____            No_____

IF YOU ANSWERED "NO" TO ALL OF THE ABOVE, YOU HAVE REACHED YOUR VERDICT AGAINST DEFENDANTS.

IF YOU ANSWERED "YES" TO ANY OF THE ABOVE, GO ON TO THE NEXT QUESTION

## AWARD OF COMPENSATION TO PLAINTIFF

Punitive damages are a type of monetary compensation awarded in civil lawsuits, intended to punish the defendant for particularly egregious, malicious, or reckless behavior and to deter similar conduct in the future.

Compensatory damages, which aim to make the plaintiff "whole" by covering actual losses (like medical bills, lost wages, or property damage)

11

1. Did Plaintiff prove by the preponderance of the evidence that he suffered actual damages as a result of discrimination or retaliation?

Yes____                                                              No_____

   (a) If you answered "Yes" to the above, state the dollar amount of any actual damages Plaintiff has proven that he sustained that were proximately caused by any of the Defendants' conduct.

$_____

   (b) If you answered "No" to Question 1, stat e the amount of nominal damages to be award to the plaintiff not to exceed one dollar:

$_____

2. Has plaintiff proven by a preponderance of the evidence that punitive damages should be awarded against any of the Defendants?

If you answered "Yes" to question 2, state the amount.  $ _____.

DATED this ____ day of _____, 2024.

_____
FOREPERSON

Dated: November 14 2024
       New York, New York

                                           Respectfully submitted,

                                            /s Jacob Aronauer
                                           Jacob Aronauer
                                           *Attorney for Plaintiff*


                                           /s Shakira Fantauzzi
                                           /s Shakira Fantauzzi
                                           *Attorney for Defendants*

12